**KOLLER LAW LLC**
David M. Koller, Esq. (90119)               *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EARLENE COLVIN,** | : | Civil Action No.  2:21-cv-1023 |
| 1210 Hamlin Street | : | |
| Pittsburgh, PA 15233 | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **AMAZON.COM SERVICES LLC,** | : | |
| 2250 Roswell Drive | : | |
| Pittsburgh, PA 15205 | : | |
| | : | |
| 410 Terry Avenue | : | |
| North Seattle, WA 98109 | : | |
| Defendant. | : | |

### CIVIL ACTION

Plaintiff, Earlene Colvin (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Amazon.com Services LLC, (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, ("Title VII"), as amended, the Age Discrimination in Employment Act ("ADEA"), the Pennsylvania Human Relations Act ("PHRA"), Section 1981.  In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Amazon.com Services LLC is a provider e-commerce services

with a location at 2250 Roswell Drive, Pittsburgh, PA 15205 and with a headquarters located at 410 Terry Avenue, North Seattle, WA 98109.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under Title VII, the ADEA and the PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race and age discrimination against Defendant.

14. The Charge was assigned a Charge Number of 846-2020-25530 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Right to Sue is dated April 2, 2021. Plaintiff received the Right to Sue by mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. On or about March 15, 2016, Defendant hired Plaintiff, a sixty-seven (67) year old African American woman, for the position of Fulfillment Associate.

21. Plaintiff was well-qualified for her position and performed well.

22. In or about 2018, Defendant commenced a campaign of discrimination against Plaintiff based upon her age and her race.

23. By way of example, Sean LNU (late 30's, Caucasian), Operations Manager, and Patrick LNU (late 30's, Caucasian), Manager, began to nitpick Plaintiff's work product and take unwarranted disciplinary action against her based on alleged minor infractions.

24. Similarly situated Fulfillment Associates who were substantially younger than Plaintiff and/or Caucasian were not subjected to a similar level of scrutiny, nor were they subjected to unwarranted disciplinary action.

25. By way of further example, in or about January of 2019, Plaintiff discovered that her car had been vandalized in Defendant's parking lot. Plaintiff believed the perpetrator to be a Caucasian male.

26. In connection therewith, Plaintiff reported the incident to Sean. However, Sean refused to address or investigate Plaintiff's claim, allegedly because the cameras in Defendant's parking lot were not working.

27. Upon information and belief, the cameras were in fact functioning and Sean did not address Plaintiff's concerns based upon her race and age.

28. Due to the foregoing incident and Defendant's discriminatory failure to properly address it, Plaintiff registered a complaint of race discrimination with Defendant's Human Resources department.

29. Notwithstanding same, Defendant failed and refused to take corrective action, and Defendant continued to subject Plaintiff to race discrimination in the workplace.

30. Again, in or about July 2019, Plaintiff registered a complaint of discrimination with Defendant regarding the disparate treatment to which she had been subjected, including undeserved criticisms and disciplines, specifically stating that Sean and Patrick were treating her in this manner because of her race.

31. Again, Defendant refused to adequately address Plaintiff's complaints.

32. As a result, Defendant subjected Plaintiff to further discriminatory actions.

33. On or about July 7, 2020, Patrick terminated Plaintiff's employment for allegedly using offensive language towards Danielle Farabaugh (20's, Caucasian), Area Manager Intern.

34. Notably, Plaintiff did not use offensive language towards Ms. Farabaugh. Furthermore, upon information and belief, Vivian LNU (30's, Asian), Shift Supervisor, and other substantially younger, Caucasian Fulfillment Associates frequently used offensive language, yet Defendant did not similarly terminate their employment.

35. Moreover, Defendant subsequently proffered a different reason for the termination of Plaintiff's employment. Specifically, Defendant claimed that Plaintiff had been insubordinate.

36. Importantly, Plaintiff had not been insubordinate. Defendant alleged that Plaintiff ignored Ms. Farabaugh's orders to wrap a pallet in or about late June of 2020. However, Plaintiff did wrap the said pallet.

37. Upon information and belief, Caucasian and/or substantially younger Fulfillment Associates who allegedly engaged in insubordination of a similar nature did not have their employment terminated.

38. It is Plaintiff's position that Defendant's articulated reason for the termination of her employment was pretextual and that she was discriminated against due to her race and age.

**COUNT I – RACE DISCRIMINATION**
**<u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED</u>**

39. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

40. Plaintiff is a member of protected classes in that she is African American.

41. Plaintiff was qualified to perform the job for which she was hired.

42. Plaintiff suffered adverse job actions, including, but not limited to termination.

43. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

44. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

45. Defendants discriminated against Plaintiff on the basis of race.

46. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

47. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – RACE DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

48. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

49. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of her race (African American).

50. As a result of Defendant's unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – AGE DISCRIMINATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT

51. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

52. Plaintiff was born on June 11, 1954.

53. Plaintiff was qualified to perform the job.

54. Defendant treated younger employees more favorably than Plaintiff.

55. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

56. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

57. Defendant terminated Plaintiff.

58. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT IV – AGE DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

59. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

60. Plaintiff was born on June 11, 1954.

61. Plaintiff was qualified to perform the job.

62. Defendant treated younger employees more favorably than Plaintiff.

63. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

64. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

65. Defendant terminated Plaintiff.

66. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT V – RETALIATION
### SECTION 1981

67. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

68. Plaintiff complained about race discrimination.

69. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

70. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this

Complaint, *infra*.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Earlene Colvin, requests that the Court grant her the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII, the ADEA, the PHRA and Section 1981.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## **JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

## **CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

 

 

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: July 1, 2021     **By:**     */s/ David M. Koller*
David M. Koller, Esquire (90119)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com

*Counsel for Plaintiff*